Brian J. Turoff
Christopher M. Katsimagles
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York 10036
Tel.: (212) 704-1983
Fax: (212) 790-4545
Email: BTuroff@manatt.com

*Attorneys for Defendants*
*Hello Living, LLC, Eli Karp, and Mike Woodson*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AYELET POTTASH,<br><br>               Plaintiff,<br>   -against-.<br><br>HELLO LIVING, LLC, ELI KARP,<br>and MIKE WOODSON,<br><br>               Defendants. | Civil Action No.: 19-cv-04530<br><br>**ANSWER TO AMENDED COMPLAINT,**<br>**AFFIRMATIVE DEFENSES AND**<br>**COUNTERCLAIM** |

Defendants Hello Living, LLC ("Hello Living"), Eli Karp ("Karp"), and Mike Woodson ("Woodson") (collectively, "Defendants"), by and through their attorneys Manatt, Phelps and Phillips, LLP, hereby submit their Answer and Affirmative Defenses to the Amended Complaint filed by Plaintiff Ayelet Pottash ("Plaintiff") on January 15, 2020 (the "Complaint").

For their Answer to the Complaint, Defendants plead as follows: For the avoidance of doubt, Defendants deny any and all statements in the Complaint's section headings, introduction, footnotes, or otherwise made outside the numbered paragraphs therein. As to the allegations stated in the numbered paragraphs of the Complaint, Defendants hereby answer and respond as follows:

**AS AND FOR AN ANSWER TO**
**PLAINTIFF'S ALLEGATIONS CONCERNING THE**
**PRELIMINARY STATEMENT**

1.      Defendants deny the allegations in Paragraph 1 of the Complaint, except admit that Plaintiff asserts claims against Defendants for gender, pregnancy and religious discrimination and retaliation in violation of Title VII and the Pregnancy Discrimination Act, the New York State Human Rights Law, and the New York City Human Rights Law. Defendants further deny that there exists any basis in law or fact for these claims or any claims whatsoever.

**AS AND FOR AN ANSWER TO**
**PLAINTIFF'S ALLEGATIONS CONCERNING**
**THE PARTIES**

2.      Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore deny them, except admit that Plaintiff was formerly employed by Hello Living.

3.      Defendants deny the allegations in Paragraph 3 of the Complaint, except admit that Hello Living LLC is a New York corporation located at 33 35th Street, 6th Floor, Suite B-613, Brooklyn, NY 11232.

4.      Defendants deny the allegations in Paragraph 4 of the Complaint, except admit that Karp is the Chief Executive Officer of Hello Living.

5.      Defendants deny the allegations in Paragraph 5 of the Complaint, except admit that Woodson is the Chief Financial Officer of Hello Living and supervised Plaintiff's employment while she held the position of Controller.

6.      Defendants respond that Paragraph 6 of the Complaint asserts legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

7.      Defendants respond that Paragraph 7 of the Complaint asserts legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

**AS AND FOR AN ANSWER TO**
**PLAINTIFF'S ALLEGATIONS CONCERNING**
**JURISDICTION, VENUE, AND PROCEDURAL REQUIREMENTS**

8.      Defendants respond that Paragraph 8 of the Complaint asserts legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

9.      Defendants respond that Paragraph 9 of the Complaint asserts legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

10.     Defendants respond that Paragraph 10 of the Complaint asserts legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

11.     Defendants respond that Paragraph 11 of the Complaint asserts legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

## AS AND FOR AN ANSWER TO
## PLAINTIFF'S ALLEGATIONS CONCERNING
## <u>FACTUAL BACKGROUND</u>

12.     Defendants deny that plaintiff has significant experience in corporate accounting. Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 of the Complaint and therefore deny them.

13.     Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore deny them.

14.     Defendants deny the allegations in Paragraph 14 of the Complaint, and affirmatively state that Karp knew that Plaintiff was pregnant when he offered Plaintiff employment with Hello Living.

15.     Defendants deny the allegations in Paragraph 15 of the Complaint, except admit that Karp offered plaintiff employment with Hello Living.

16.     Defendants deny the allegations in Paragraph 16 of the Complaint.

17.     Defendants deny the allegations in Paragraph 17 of the Complaint.

18.     Defendants deny the allegations in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations in Paragraph 19 of the Complaint.

20.     Defendants deny the allegations in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations in Paragraph 26 of the Complaint.

27.     Defendants deny the allegations in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations in Paragraph 29 of the Complaint, except admit that plaintiff accepted employment with Hello Living with the title "Controller" and a $100,000 annual salary.

30.     Defendants deny the allegations in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations in Paragraph 31 of the Complaint, except admit that, upon Plaintiff's commencement of employment with Hello Living, Woodson supervised Plaintiff.

32.     Defendants deny the allegations in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations in Paragraph 38 of the Complaint.

39.     Defendants deny the allegations in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations in Paragraph 54 of the Complaint.

55.     Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint and therefore deny them.

56.     Defendants deny the allegations in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations in Paragraph 59 of the Complaint.

60.     Defendants deny the allegations in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations in Paragraph 63 of the Complaint.

64.     Defendants deny the allegations in Paragraph 64 of the Complaint.

65.     Defendants deny the allegations in Paragraph 65 of the Complaint.

66.     Defendants deny the allegations in Paragraph 66 of the Complaint.

67.     Defendants deny the allegations in Paragraph 67 of the Complaint.

68.     Defendants deny the allegations in Paragraph 68 of the Complaint, except admit that Karp knew that Plaintiff was pregnant at the time he offered her employment with Hello Living.

69.     Defendants deny the allegations in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations in Paragraph 71 of the Complaint, and affirmatively state that, to the extent the email referenced in Paragraph 71 of the Complaint exists, the content of such email would speak for itself.

72.     Defendants deny the allegations in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations in Paragraph 74 of the Complaint.

75.     Defendants deny the allegations in Paragraph 75 of the Complaint.

76.     Defendants deny the allegations in Paragraph 76 of the Complaint.

77.     Defendants deny the allegations in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations in Paragraph 78 of the Complaint.

79.     Defendants deny the allegations in Paragraph 79 of the Complaint.

80.     Defendants deny the allegations in Paragraph 80 of the Complaint.

81.     Defendants deny the allegations in Paragraph 81 of the Complaint.

82.     Defendants deny the allegations in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations in Paragraph 86 of the Complaint.

87.     Defendants deny the allegations in Paragraph 87 of the Complaint.

88.     Defendants deny the allegations in Paragraph 88 of the Complaint.

89.     Defendants deny the allegations in Paragraph 89 of the Complaint.

90.     Defendants deny the allegations in Paragraph 90 of the Complaint.

91.     Defendants deny the allegations in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations in Paragraph 92 of the Complaint, except admit that Hello Living hired Donna Miller to serve as in-house counsel in or around August 2018.

93.     Defendants deny the allegations in Paragraph 93 of the Complaint

94.     Defendants deny the allegations in Paragraph 94 of the Complaint.

95.     Defendants deny the allegations in Paragraph 95 of the Complaint.

96.     Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 96 of the Complaint and therefore deny them.

97.     Defendants deny the allegations in Paragraph 97 of the Complaint.

98.     Defendants deny the allegations in Paragraph 98 of the Complaint.

99.     Defendants deny the allegations in Paragraph 99 of the Complaint.

100.    Defendants deny the allegations in Paragraph 100 of the Complaint.

101.    Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 101 of the Complaint and therefore deny them.

102.    Defendants deny the allegations in Paragraph 102 of the Complaint, and affirmatively state that, to the extent the email referenced in Paragraph 102 of the Complaint exists, the content of such email would speak for itself.

103.    Defendants deny the allegations in Paragraph 103 of the Complaint.

104.    Defendants deny the allegations in Paragraph 104 of the Complaint.

105.     Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 105 of the Complaint and therefore deny them.

106.     Defendants deny the allegations in Paragraph 106 of the Complaint.

107.     Defendants deny the allegations in Paragraph 107 of the Complaint.

108.     Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 108 of the Complaint and therefore deny them.

109.     Defendants deny the allegations in Paragraph 109 of the Complaint.

110.     Defendants deny the allegations in Paragraph 110 of the Complaint.

111.     Defendants deny the allegations in Paragraph 111 of the Complaint.

112.     Defendants deny the allegations in Paragraph 112 of the Complaint.

113.     Defendants deny the allegations in Paragraph 113 of the Complaint.

114.     Defendants deny the allegations in Paragraph 114 of the Complaint.

115.     Defendants deny the allegations in Paragraph 115 of the Complaint.

116.     Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 116 of the Complaint and therefore deny them.

117.     Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 117 of the Complaint and therefore deny them.

118.     Defendants respond that Paragraph 118 of the Complaint asserts legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

119.     Defendants deny the allegations in Paragraph 119 of the Complaint.

120.     Defendants deny the allegations in Paragraph 120 of the Complaint.

121.     Defendants deny the allegations in Paragraph 121 of the Complaint.

122.     Defendants deny the allegations in Paragraph 122 of the Complaint.

123.     Defendants deny the allegations in Paragraph 123 of the Complaint.

124.     Defendants deny the allegations in Paragraph 124 of the Complaint.

125.     Defendants deny the allegations in Paragraph 125 of the Complaint.

126.     Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 126 of the Complaint and therefore deny them.

127.     Defendants deny the allegations in Paragraph 127 of the Complaint.

128.     Defendants deny the allegations in Paragraph 128 of the Complaint.

129.     Defendants deny the allegations in Paragraph 129 of the Complaint.

130.     Defendants deny the allegations in Paragraph 130 of the Complaint.

131.     Defendants deny the allegations in Paragraph 131 of the Complaint.

132.     Defendants deny the allegations in Paragraph 132 of the Complaint.

133.     Defendants deny the allegations in Paragraph 133 of the Complaint.

134.     Defendants deny the allegations in Paragraph 134 of the Complaint.

135.     Defendants deny the allegations in Paragraph 135 of the Complaint.

136.     Defendants deny the allegations in Paragraph 136 of the Complaint.

137.     Defendants deny the allegations in Paragraph 137 of the Complaint.

138.     Defendants deny the allegations in Paragraph 138 of the Complaint.

139.     Defendants deny the allegations in Paragraph 139 of the Complaint.

140.     Defendants respond that Paragraph 140 of the Complaint asserts legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

141.     Defendants deny the allegations in Paragraph 141 of the Complaint.

142.    Defendants deny the allegations in Paragraph 142 of the Complaint.

143.    Defendants deny the allegations in Paragraph 143 of the Complaint.

144.    Defendants deny the allegations in Paragraph 144 of the Complaint.

145.    Defendants deny the allegations in Paragraph 145 of the Complaint.

146.    Defendants deny the allegations in Paragraph 146 of the Complaint.

147.    Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 147 of the Complaint and therefore deny them.

148.    Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 148 of the Complaint and therefore deny them.

149.    Defendants deny the allegations in Paragraph 149 of the Complaint.

150.    Defendants deny the allegations in Paragraph 150 of the Complaint.

151.    Defendants deny the allegations in Paragraph 151 of the Complaint.

152.    Defendants deny the allegations in Paragraph 152 of the Complaint.

153.    Defendants deny the allegations in Paragraph 153 of the Complaint.

154.    Defendants deny the allegations in Paragraph 154 of the Complaint.

155.    Defendants deny the allegations in Paragraph 155 of the Complaint.

156.    Defendants deny the allegations in Paragraph 156 of the Complaint.

157.    Defendants deny the allegations in Paragraph 157 of the Complaint.

158.    Defendants deny the allegations in Paragraph 158 of the Complaint.

159.    Defendants deny the allegations in Paragraph 159 of the Complaint.

160.    Defendants deny the allegations in Paragraph 160 of the Complaint.

161.    Defendants deny the allegations in Paragraph 161 of the Complaint.

162.    Defendants deny the allegations in Paragraph 162 of the Complaint.

163.     Defendants deny the allegations in Paragraph 163 of the Complaint.

164.     Defendants deny the allegations in Paragraph 164 of the Complaint.

165.     Defendants deny the allegations in Paragraph 165 of the Complaint.

166.     Defendants deny the allegations in Paragraph 166 of the Complaint.

167.     Defendants deny the allegations in Paragraph 167 of the Complaint.

168.     Defendants deny the allegations in Paragraph 168 of the Complaint.

169.     Defendants deny the allegations in Paragraph 169 of the Complaint.

170.     Defendants deny the allegations in Paragraph 170 of the Complaint.

171.     Defendants deny the allegations in Paragraph 171 of the Complaint.

172.     Defendants deny the allegations in Paragraph 172 of the Complaint.

173.     Defendants deny the allegations in Paragraph 173 of the Complaint.

174.     Defendants deny the allegations in Paragraph 174 of the Complaint.

175.     Defendants deny the allegations in Paragraph 175 of the Complaint.

176.     Defendants deny the allegations in Paragraph 176 of the Complaint.

177.     Defendants deny the allegations in Paragraph 177 of the Complaint.

178.     Defendants deny the allegations in Paragraph 178 of the Complaint.

179.     Defendants deny the allegations in Paragraph 179 of the Complaint.

180.     Defendants deny the allegations in Paragraph 180 of the Complaint.

181.     Defendants deny the allegations in Paragraph 181 of the Complaint.

182.     Defendants deny the allegations in Paragraph 182 of the Complaint.

183.     Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 183 of the Complaint and therefore deny them.

184.     Defendants deny the allegations in Paragraph 184 of the Complaint.

185.     Defendants deny the allegations in Paragraph 185 of the Complaint.

186.     Defendants deny the allegations in Paragraph 186 of the Complaint.

187.     Defendants deny the allegations in Paragraph 187 of the Complaint.

188.     Defendants deny the allegations in Paragraph 188 of the Complaint.

189.     Defendants deny the allegations in Paragraph 189 of the Complaint.

190.     Defendants deny the allegations in Paragraph 190 of the Complaint.

191.     Defendants deny the allegations in Paragraph 191 of the Complaint.

192.     Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 192 of the Complaint and therefore deny them, except admit that Goldy Landu was employed by Hello Living.

193.     Defendants deny the allegations in Paragraph 193 of the Complaint.

194.     Defendants deny the allegations in Paragraph 194 of the Complaint.

195.     Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 195 of the Complaint and therefore deny them.

196.     Defendants deny the allegations in Paragraph 196 of the Complaint.

197.     Defendants deny the allegations in Paragraph 197 of the Complaint.

198.     Defendants deny the allegations in Paragraph 198 of the Complaint.

199.     Defendants deny the allegations in Paragraph 199 of the Complaint.

200.     Defendants deny the allegations in Paragraph 200 of the Complaint.

201.     Defendants deny the allegations in Paragraph 201 of the Complaint.

202.     Defendants deny the allegations in Paragraph 202 of the Complaint.

203.     Defendants deny the allegations in Paragraph 203 of the Complaint.

204.     Defendants deny the allegations in Paragraph 204 of the Complaint.

205.     Defendants deny the allegations in Paragraph 205 of the Complaint.

206.     Defendants deny the allegations in Paragraph 206 of the Complaint.

207.     Defendants deny the allegations in Paragraph 207 of the Complaint.

208.     Defendants deny the allegations in Paragraph 208 of the Complaint.

209.     Defendants deny the allegations in Paragraph 209 of the Complaint.

210.     Defendants deny the allegations in Paragraph 210 of the Complaint.

211.     Defendants deny the allegations in Paragraph 211 of the Complaint.

212.     Defendants deny the allegations in Paragraph 212 of the Complaint.

213.     Defendants deny the allegations in Paragraph 213 of the Complaint.

214.     Defendants deny the allegations in Paragraph 214 of the Complaint.

215.     Defendants deny the allegations in Paragraph 215 of the Complaint.

216.     Defendants deny the allegations in Paragraph 216 of the Complaint.

217.     Defendants deny the allegations in Paragraph 217 of the Complaint.

218.     Defendants deny the allegations in Paragraph 218 of the Complaint.

219.     Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 219 of the Complaint and therefore deny them.

220.     Defendants deny the allegations in Paragraph 220 of the Complaint, and affirmatively state that, to the extent the email referenced in Paragraph 220 of the Complaint exists, the content of such email would speak for itself.

221.     Defendants deny the allegations in Paragraph 221 of the Complaint.

222.     Defendants deny the allegations in Paragraph 222 of the Complaint.

223.     Defendants deny the allegations in Paragraph 223 of the Complaint.

224.     Defendants deny the allegations in Paragraph 224 of the Complaint.

225.     Defendants deny the allegations in Paragraph 225 of the Complaint.

226.     Defendants deny the allegations in Paragraph 226 of the Complaint.

227.     Defendants deny the allegations in Paragraph 227 of the Complaint.

228.     Defendants deny the allegations in Paragraph 228 of the Complaint.

229.     Defendants deny the allegations in Paragraph 229 of the Complaint.

230.     Defendants deny the allegations in Paragraph 230 of the Complaint.

231.     Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 231 of the Complaint and therefore deny them.

232.     Defendants deny the allegations in Paragraph 232 of the Complaint.

233.     Defendants deny the allegations in Paragraph 233 of the Complaint.

234.     Defendants deny the allegations in Paragraph 234 of the Complaint.

235.     Defendants deny the allegations in Paragraph 235 of the Complaint.

236.     Defendants deny the allegations in Paragraph 236 of the Complaint.

237.     Defendants deny the allegations in Paragraph 237 of the Complaint.

238.     Defendants deny the allegations in Paragraph 238 of the Complaint, and affirmatively state that, to the extent the email referenced in Paragraph 238 of the Complaint exists, the content of such email would speak for itself.

239.     Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 239 of the Complaint and therefore deny them.

240.     Defendants deny the allegations in Paragraph 240 of the Complaint, and affirmatively state that, to the extent the email referenced in Paragraph 240 of the Complaint exists, the content of such email would speak for itself.

241.     Defendants deny the allegations in Paragraph 241 of the Complaint, and affirmatively state that, to the extent the email referenced in Paragraph 241 of the Complaint exists, the content of such email would speak for itself.

242.     Defendants deny the allegations in Paragraph 242 of the Complaint.

243.     Defendants deny the allegations in Paragraph 243 of the Complaint.

244.     Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 244 of the Complaint and therefore deny them.

245.     Defendants deny the allegations in Paragraph 245 of the Complaint.

246.     Defendants deny the allegations in Paragraph 246 of the Complaint.

247.     Defendants deny the allegations in Paragraph 247 of the Complaint.

248.     Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 248 of the Complaint and therefore deny them.

249.     Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 249 of the Complaint and therefore deny them.

250.     Defendants deny the allegations in Paragraph 250 of the Complaint, and affirmatively state that, to the extent the email referenced in Paragraph 250 of the Complaint exists, the content of such email would speak for itself.

251.     Defendants deny the allegations in Paragraph 251 of the Complaint, and affirmatively state that, to the extent the email referenced in Paragraph 251 of the Complaint exists, the content of such email would speak for itself.

252.     Defendants deny the allegations in Paragraph 252 of the Complaint, and affirmatively state that, to the extent the email referenced in Paragraph 252 of the Complaint exists, the content of such email would speak for itself.

253.    Defendants deny the allegations in Paragraph 253 of the Complaint.

254.    Defendants deny the allegations in Paragraph 254 of the Complaint, and affirmatively state that, to the extent the email referenced in Paragraph 254 of the Complaint exists, the content of such email would speak for itself.

255.    Defendants deny the allegations in Paragraph 255 of the Complaint, and affirmatively state that, to the extent the email referenced in Paragraph 255 of the Complaint exists, the content of such email would speak for itself.

256.    Defendants deny the allegations in Paragraph 256 of the Complaint, and affirmatively state that, to the extent the email referenced in Paragraph 256 of the Complaint exists, the content of such email would speak for itself.

257.    Defendants deny the allegations in Paragraph 257 of the Complaint, and affirmatively state that, to the extent the email referenced in Paragraph 257 of the Complaint exists, the content of such email would speak for itself.

258.    Defendants deny the allegations in Paragraph 258 of the Complaint, and affirmatively state that, to the extent the email referenced in Paragraph 258 of the Complaint exists, the content of such email would speak for itself.

259.    Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 259 of the Complaint and therefore deny them.

260.    Defendants deny the allegations in Paragraph 260 of the Complaint.

261.    Defendants deny the allegations in Paragraph 261 of the Complaint.

262.    Defendants deny the allegations in Paragraph 262 of the Complaint.

263.    Defendants deny the allegations in Paragraph 263 of the Complaint.

264.    Defendants deny the allegations in Paragraph 264 of the Complaint.

265.     Defendants deny the allegations in Paragraph 265 of the Complaint.

266.     Defendants deny the allegations in Paragraph 266 of the Complaint.

267.     Defendants deny the allegations in Paragraph 267 of the Complaint.

268.     Defendants deny the allegations in Paragraph 268 of the Complaint.

269.     Defendants deny the allegations in Paragraph 269 of the Complaint.

270.     Defendants deny the allegations in Paragraph 270 of the Complaint.

271.     Defendants deny the allegations in Paragraph 271 of the Complaint.

272.     Defendants deny the allegations in Paragraph 272 of the Complaint.

273.     Defendants deny the allegations in Paragraph 273 of the Complaint.

274.     Defendants deny the allegations in Paragraph 274 of the Complaint.

275.     Defendants deny the allegations in Paragraph 275 of the Complaint.

276.     Defendants deny the allegations in Paragraph 276 of the Complaint.

277.     Defendants deny the allegations in Paragraph 277 of the Complaint.

278.     Defendants deny the allegations in Paragraph 278 of the Complaint.

279.     Defendants deny the allegations in Paragraph 279 of the Complaint.

280.     Defendants deny the allegations in Paragraph 280 of the Complaint.

281.     Defendants deny the allegations in Paragraph 281 of the Complaint.

282.     Defendants deny the allegations in Paragraph 282 of the Complaint.

283.     Defendants deny the allegations in Paragraph 283 of the Complaint.

284.     Defendants deny the allegations in Paragraph 284 of the Complaint, except admit that Karp sent Plaintiff a letter on March 22, 2018, the content of which speaks for itself.

285.     Defendants deny the allegations in Paragraph 285 of the Complaint, except admit that Karp sent Plaintiff a letter on March 22, 2018, the content of which speaks for itself.

286. Defendants deny the allegations in Paragraph 286 of the Complaint.

287. Defendants deny the allegations in Paragraph 287 of the Complaint.

288. Defendants deny the allegations in Paragraph 288 of the Complaint.

289. Defendants deny the allegations in Paragraph 289 of the Complaint.

290. Defendants deny the allegations in Paragraph 290 of the Complaint.

291. Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 291 of the Complaint and therefore deny them.

292. Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 292 of the Complaint and therefore deny them.

293. Defendants deny the allegations in Paragraph 293 of the Complaint.

294. Defendants respond that Paragraph 294 of the Complaint asserts a legal conclusion to which no response is required, but to the extent a response is required, Defendants deny the allegations.

## AS AND FOR AN ANSWER TO
## THE FIRST CAUSE OF ACTION

295. Responding to Paragraph 295 of the Complaint, Defendants repeat and reallege each and every one of their responses to Paragraphs 1-294 of the Complaint as if fully set forth herein at length.

296. Defendants respond that Paragraph 296 of the Complaint asserts legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

297. Defendants respond that Paragraph 297 of the Complaint asserts legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

298. Defendants respond that Paragraph 298 of the Complaint asserts legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

299. Defendants respond that Paragraph 299 of the Complaint asserts legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

## AS AND FOR AN ANSWER TO
## THE SECOND CAUSE OF ACTION

300. Responding to Paragraph 300 of the Complaint, Defendants repeat and reallege each and every one of their responses to Paragraphs 1-299 of the Complaint as if fully set forth herein at length.

301. Defendants respond that Paragraph 301 of the Complaint asserts legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

302. Defendants respond that Paragraph 302 of the Complaint asserts legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

303. Defendants respond that Paragraph 303 of the Complaint asserts legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

304. Defendants deny the allegations in Paragraph 304 of the Complaint.

305. Defendants respond that Paragraph 305 of the Complaint asserts legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

306. Defendants respond that Paragraph 306 of the Complaint asserts legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

**AS AND FOR AN ANSWER TO**
**THE THIRD CAUSE OF ACTION**

307. Responding to Paragraph 307 of the Complaint, Defendants repeat and reallege each and every one of their responses to Paragraphs 1-306 of the Complaint as if fully set forth herein at length.

308. Defendants respond that Paragraph 308 of the Complaint asserts legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

309. Defendants respond that Paragraph 309 of the Complaint asserts legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

310. Defendants respond that Paragraph 310 of the Complaint asserts legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

311. Defendants deny the allegations in Paragraph 311 of the Complaint.

312. Defendants respond that Paragraph 312 of the Complaint asserts legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

313. Defendants respond that Paragraph 313 of the Complaint asserts legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

## AS AND FOR AN ANSWER TO
## THE FOURTH CAUSE OF ACTION

314.    Responding to Paragraph 314 of the Complaint, Defendants repeat and reallege each and every one of their responses to Paragraphs 1-313 of the Complaint as if fully set forth herein at length.

315.    Defendants deny the allegations in Paragraph 315 of the Complaint.

316.    Defendants deny the allegations in Paragraph 316 of the Complaint.

317.    Defendants deny the allegations in Paragraph 317 of the Complaint.

318.    Defendants deny the allegations in Paragraph 318 of the Complaint.

319.    Defendants deny the allegations in Paragraph 319 of the Complaint.

320.    Defendants respond that Paragraph 320 of the Complaint asserts legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

## AS AND FOR AN ANSWER TO
## THE FIFTH CAUSE OF ACTION

321.    Responding to Paragraph 321 of the Complaint, Defendants repeat and reallege each and every one of their responses to Paragraphs 1-320 of the Complaint as if fully set forth herein at length.

322.    Defendants deny the allegations in Paragraph 322 of the Complaint.

323.    Defendants deny the allegations in Paragraph 323 of the Complaint.

324.    Defendants deny the allegations in Paragraph 324 of the Complaint.

325.    Defendants deny the allegations in Paragraph 325 of the Complaint.

326.    Defendants deny the allegations in Paragraph 326 of the Complaint.

327. Defendants respond that Paragraph 327 of the Complaint asserts legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

## AS AND FOR AN ANSWER TO
## THE SIXTH CAUSE OF ACTION

328. Responding to Paragraph 328 of the Complaint, Defendants repeat and reallege each and every one of their responses to Paragraphs 1-327 of the Complaint as if fully set forth herein at length.

329. Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 329 of the Complaint and therefore deny them. Defendants deny the remaining allegations in Paragraph 329 of the Complaint.

330. Defendants respond that Paragraph 330 of the Complaint asserts legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

331. Defendants respond that Paragraph 331 of the Complaint asserts legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

332. Defendants deny the allegations in Paragraph 332 of the Complaint.

333. Defendants deny the allegations in Paragraph 333 of the Complaint.

334. Defendants respond that Paragraph 334 of the Complaint asserts legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations.

**AS AND FOR AN ANSWER TO**
**THE SEVENTH CAUSE OF ACTION**

335.     Responding to Paragraph 335 of the Complaint, Defendants repeat and reallege

each and every one of their responses to Paragraphs 1-334 of the Complaint as if fully set

forth herein at length.

336.     Defendants lack information and knowledge sufficient to form a belief as to the

truth of the allegations in the first sentence of Paragraph 336 of the Complaint and therefore

deny them.  Defendants deny the remaining allegations in Paragraph 336 of the Complaint.

337.     Defendants respond that Paragraph 337 of the Complaint asserts legal

conclusions to which no response is required, but to the extent a response is required,

Defendants deny the allegations.

338.     Defendants deny the allegations in Paragraph 338 of the Complaint.

339.     Defendants deny the allegations in Paragraph 339 of the Complaint.

340.     Defendants deny the allegations in Paragraph 340 of the Complaint.

341.     Defendants respond that Paragraph 341 of the Complaint asserts legal

conclusions to which no response is required, but to the extent a response is required,

Defendants deny the allegations.

**AS AND FOR THE**
**PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to the relief set forth in the WHEREFORE

clause following Paragraph 341 of the Complaint or to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

Without waiving or excusing the burden of proof of Plaintiff, or admitting that

Defendants have any burden of proof, Defendants assert the following affirmative defenses.  All

-24-

defenses are pleaded in the alternative and do not constitute admission either of liability or as to whether Plaintiff is entitled to any relief whatsoever.  Furthermore, Defendants reserve all rights to supplement the below affirmative defenses in the event of any future amended pleading.

## FIRST AFFIRMATIVE DEFENSE

1.      Plaintiff's Complaint, and each purported cause of action therein, fails to state a claim upon which relief may be granted, and further  fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever, from Defendants.

## SECOND AFFIRMATIVE DEFENSE

2.      The Complaint fails to allege facts sufficient to entitle Plaintiff to an award of general, compensatory, or punitive damages.

## THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff's discrimination and retaliation claims under Title VII and the Pregnancy Discrimination Act, the New York State Human Rights Law, the New York City Human Rights Law, and the New York Labor Law are barred because any employment action allegedly taken with respect to Plaintiff was based upon legitimate, nondiscriminatory, non-pretextual reasons unrelated to Plaintiff's religion, gender, pregnancy, breastfeeding, child caregiving, or any other basis protected by law.

## FOURTH AFFIRMATIVE DEFENSE

4.      Any individual Defendants (namely, Karp and Woodson) cannot have aided and abetted in any alleged wrongful act toward Plaintiff by Hello Living, as no such wrongful act was committed.

## FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff did not engage in any protected activity under Title VII and the

Pregnancy Discrimination Act, the New York State Human Rights Law, the New York City

Human Rights Law, or the New York Labor Law.

## SIXTH AFFIRMATIVE DEFENSE

6.      None of Defendants' acts were spiteful, malicious, willful, or otherwise motivated

by any ill will, fraud, or illegal intent.  Instead, all acts toward Plaintiff were, at all relevant

times, privileged, nondiscriminatory, non-harassing, non-retaliatory, proper and legitimate and

taken in accordance with Defendants' rights as accorded by law.

## SEVENTH AFFIRMATIVE DEFENSE

7.      The Complaint, and each claim for relief alleged therein, is barred by the

doctrines of laches, waiver, and/or estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

8.      The Complaint, and each claim for relief alleged therein, is barred by the doctrine

of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

9.      Plaintiff has failed and neglected to mitigate any alleged damages, injuries, and/or

losses, and therefore any recovery against Defendants is barred or reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE

10.     If it is found that any of the Defendants' actions were motivated by both

discriminatory and nondiscriminatory reasons, the nondiscriminatory reasons alone would have

induced it/them to make the decision.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     If Plaintiff suffered or sustained any damages or injury as a proximate result of

the purported conduct of Defendants, as alleged in the Complaint, which Defendants expressly

deny, such damages or injury were proximately caused by or contributed to by the willful acts and/or negligence of Plaintiff or third parties, which bars or reduces Plaintiff's right to recover any such damages against Defendants.

<b>TWELFTH AFFIRMATIVE DEFENSE</b>

12.  Plaintiff is not entitled to recover punitive damages because neither Defendants nor any of their employees, if any, have committed any act that is fraudulent, oppressive, malicious, willful, or otherwise egregious giving rise to liability, or displayed negligent and/or reckless indifference to Plaintiff's rights.

<b>THIRTEENTH AFFIRMATIVE DEFENSE</b>

13.  The Complaint, and each purported claim for relief alleged in it, is barred because Plaintiff consented to the events that Plaintiff now contends gave rise to her purported claims.

<b>FOURTEENTH AFFIRMATIVE DEFENSE</b>

14.  Plaintiff's claims are barred because any and all actions taken by Defendants were fair and reasonable and were performed in good faith based on all relevant facts known to Defendants at the time.

<b>FIFTEENTH AFFIRMATIVE DEFENSE</b>

15.  Each purported cause of action alleged in the Complaint is barred, in whole or in part, by the applicable statute(s) of limitation.

<b>SIXTEENTH AFFIRMATIVE DEFENSE</b>

16.  The Complaint fails to state facts sufficient to support an award of attorneys' fees and/or costs.

<b>SEVENTEENTH AFFIRMATIVE DEFENSE</b>

17.  Plaintiff's recovery from Defendants, if any, is barred or, in the alternative,

reduced by the doctrine of after-acquired evidence.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     If any loss, injury, damage or detriment occurred as alleged in the Complaint,

some or all of such loss would have been avoided if Plaintiff had made reasonable use of the

preventive and corrective measures Defendants made available to Plaintiff or had exercised due

care and avoided such alleged harm.  Accordingly, Plaintiff's recovery from Defendants, if any,

is barred or, in the alternative, reduced by the amount of damages that Plaintiff could have

reasonable avoided.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiff's claims for emotional distress and/or mental anguish damages are

barred, in whole or in part, by the exclusive remedies of the New York Workers' Compensation

Law.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     Defendants are entitled to offset for any monies received by Plaintiff from any

source in compensation for his alleged economic damages and noneconomic damages under the

common-law doctrine of offset and under the doctrine prohibiting double recovery.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Plaintiff's employment was terminable at the will of either party, with or without

cause.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     All conduct and activities of Defendants alleged in the Complaint conformed to

statutes, government regulations and industry standards based upon the state of knowledge

existing at the time(s) alleged in the Complaint.  As a consequence, some or all of Plaintiff's

claims are barred in full, or in part, based on Defendants' good faith belief that it had good cause and/or a legitimate business reason to act as it did and did not directly or indirectly perform any acts that would constitute a violation of any of Plaintiff's rights.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Plaintiff's claims are barred, in whole or in part, because no express or implied contract or agreement existed between Defendants and Plaintiff concerning Plaintiff's employment.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     The individual decision maker(s), if any, of Plaintiff's alleged adverse employment actions belonged to the same protected class as Plaintiff.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     Assuming *arguendo* that Plaintiff was, in any way, the subject of discriminatory treatment of any kind, which Defendants deny, Defendants exercised reasonable care to prevent and promptly correct such matters, including, without limitation, the maintenance of written policies outlawing discrimination and harassment.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     The Complaint does not describe the claims or facts with sufficient particularity to permit Defendants to ascertain what other defenses may exist.  Defendants will rely on any and all further defenses that may become available during discovery in this action.  Defendants reserve the right to amend this Answer for the purpose of asserting such additional defenses.

**WHEREFORE**, Defendants demand Judgment dismissing Plaintiff's Complaint in its entirety, with prejudice, and awarding Defendants attorneys' fees and such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this

action.

## COUNTERCLAIM

Defendant and Counterclaim Plaintiff Hello Living, LLC ("Hello Living" or the "Company") and Defendant and Counterclaim Plaintiff Eli Karp ("Karp") (collectively, "Counterclaim Plaintiffs") hereby file the below counterclaim against Plaintiff and Counterclaim Defendant Ayelet Pottash ("Pottash" or "Counterclaim Defendant") as follows:

### PARTIES

1.       Upon information and belief, Pottash is a citizen of the United States who currently resides in Brooklyn, New York.

2.       Hello Living is a New York corporation with its principal place of business located at 33 35th Street, 6th Floor, Suite B-613, Brooklyn, NY 11232.

3.        Karp is a United States Citizen who currently resides in Monsey, New York.

### JURISDICTION AND VENUE

4.       This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1367(a).

5.       Venue is proper in this District pursuant to 28 U.S.C. § 1391.

### FACTS

6.       Hello Living is a real estate development company that purchases properties and develops multi-family residential buildings throughout Brooklyn and Manhattan.

7.       Karp, Hello Living's Chief Executive Officer, and his team go to great lengths to ensure that the Company is purchasing and developing strategic properties that will yield profitable sales figures, and Karp's projects have routinely sold units at prices that exceed comparable neighborhood properties.  Pre-purchase research, advertising, due diligence and design costs are substantial, at times rising into the millions of dollars.

8.     In order to purchase and develop properties, the Company obtains investments from third-party equity funds and loans from real estate lenders.

9.     The Company's ability to obtain these investments and loans are essential elements of the Company's ability to operate, and the Company relies on its own and Karp's reputations.

**Pottash Maliciously and Intentionally Impugns Hello Living and Karp's Reputation by Filing a Complaint With Frivolous, Irrelevant, Inflammatory, and Baseless Allegations Pertaining to Hello Living and Karp's Purported "Illegal Accounting Practices."**

10.     On or around March 28, 2017, Pottash accepted employment with Hello Living with the title, "Controller," earning an annual salary of $100,000.

11.     As Controller, Pottash's job duties included, without limitation, assisting with the management of the Company's accounting operations, assisting with the transition of the Company's accounting software system, and conducting an internal audit.

12.     Pottash additionally performed marketing duties for Hello Living and Karp. More specifically, Pottash attempted to develop a marketing campaign designed to attract third-party investors, as she knew that Karp and Hello Living were seeking investments and loans from third parties for the purchase and development of properties.

13.     Through her accounting and marketing roles, Pottash was intimately familiar with the Company's business model, and knew that the Company's reputation, including its financial reputation, was essential to its ability to obtain third-party financing for its real estate development projects, i.e., its ability to operate.

14.     In or around January 2018, plaintiff informed Karp that she would soon be resigning from her position as Controller.  On March 19, 2018, Pottash's tenure as the Company's Controller concluded, at which time the Company offered Pottash a full-time

Marketing Manager position. Pottash did not respond to the Company's offer and her employment with Hello Living ended on March 26, 2018.

15.     On August 6, 2019, Pottash filed her original Complaint in this action, alleging that Defendants, in some manner, harassed and discriminated against her because of her gender, pregnancy, breastfeeding, child caregiving requirements and religion, and retaliated against her for purportedly complaining about such alleged conduct.

16.     The original Complaint, however, needlessly and maliciously included approximately 21 paragraphs of frivolous, baseless and entirely irrelevant allegations suggesting that Karp and Hello Living, in some manner, engaged in "illegal accounting practices."

17.     Even if Pottash's allegations regarding Hello Living and Karp's purported illegal accounting practices were true – and they are not – they were not remotely pertinent to, nor did they form the basis of, any of the legal claims contained in the original Complaint. They were thus irrelevant and unnecessary.

18.     The Complaint did not offer any explanation as to how allegations regarding these alleged " illegal accounting practices" were at all pertinent to Pottash's discrimination and harassment claims. That is because they were not.

19.     Instead, Pottash included these frivolous allegations regarding alleged illegal accounting practices for one purpose: to intentionally and maliciously interfere with and harm Hello Living and Karp's current and prospective business relations by gratuitously impugning their moral character and business reputation.

**Pottash's Plan to Damage Karp and Hello Living Succeeds, Causing Karp to Lose a Real Estate Development Deal.**

20.     In or about August 2018, Karp became interested in acquiring and developing a property located at 4650 Broadway, New York, NY (the "Property").

21.     In furtherance thereof, on or about August 16, 2018, Karp formed Hello Broadway, LLC, an affiliate of Hello Living, for the purpose of purchasing the Property.

22.     Hello Broadway utilized Hello Living to design the concept for the building that would be developed on the Property, including mock-ups, sketches and advertising.

23.     In order to purchase the Property, Karp partnered with an equity fund, Arden Qualified Opportunity Zone Fund, L.P. ("Arden"), which would assist with funding the project.

24.     On June 18, 2019, Arden and Karp executed a Letter of Intent for the joint purchase and development of the Property.  The Letter of Intent provided, among other things, that:

        a.     Once the Property was developed and the Building was sold, Karp would receive a Thirty-Three percent (33%) "promote" after investors' capital contributions were returned with a two times multiple;

        b.     Karp would receive a $5,000,000 developer fee;

        c.     Hello Living would be general contractor for the development of the Property (subject to investors' approval).

25.     For additional funding for the project, Arden and Karp secured a $51,400,000 loan from SCALE Lending, LLC ("SCALE"), for which Karp was listed as a guarantor, and Arden and Hello Living were listed as sponsors.  The loan's Term Sheet explained that the loan was contingent upon SCALE's due diligence review of Arden, Karp and Hello Living.

26.     On October 4, 2019, days before Arden and Karp's anticipated closing on the joint purchase of the Property, and less than 60 days after the filing of Pottash's original Complaint, Karp received a telephone call from Daniel Ridloff, who, upon information and belief, is an employee of SCALE.

27.     Ridloff informed Karp that SCALE was withdrawing its $51,400,000 loan and terminating the Term Sheet because, during its due diligence review, it had discovered Pottash's Complaint, filed on August 6, 2019.

28.     More specifically, Ridloff explicitly informed Karp that SCALE would not proceed with the loan because of the allegations in Pottash's Complaint that Karp and Hello Living were engaged in illegal accounting practices.

29.     As a result of SCALE's withdrawal of its funding for the purchase of the Property, on October 6, 2019, Arden advised Karp in writing that Arden was terminating their deal for the joint purchase and development of the Property.

30.     After Arden terminated its agreement with Karp for the joint purchase and development of the Property, Arden reached a separate financing deal with SCALE which did not include Karp, and closed on the purchase of the Property.

31.     As a result of the deal's collapse, which was directly caused by Pottash's baseless and frivolous allegations, Karp and Hello Living suffered millions in damages, including, but not limited to, approximately $3,500,000 in sunk costs, the loss of a $5,000,000 developer's fee, the inability to obtain financing for future projects, and other related fees and profits reasonably expected from the purchase and development of the Property.

**Pottash Files an Amended Complaint With an Implausible, After-the-Fact Justification for Her Malicious and Frivolous Allegations.**

32.     On September 17, 2019, in response to Pottash's Complaint, Defendants Hello Living, Karp and Mike Woodson, requested a pre-motion conference seeking leave to file a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), and a motion to strike the irrelevant and inflammatory allegations in Pottash's Complaint, pursuant Fed. R. Civ. P. 12(f).

33.    The presiding Honorable Judge Garaufis granted plaintiff leave to amend her Complaint on or before January 15, 2020, and directed Hello Living, Karp and Mike Woodson to analyze the Amended Complaint, if filed, and respond as they deemed appropriate.

34.    On January 15, 2020, five months after filing her original Complaint, and only after learning that Hello Living and Karp were contemplating motion practice and recognizing the potential for a counterclaim against Pottash, Pottash filed an Amended Complaint.

35.    The Amended Complaint, in addition to withdrawing several unfounded legal claims set forth the original Complaint, posited a transparently-contrived justification for including the irrelevant allegations regarding Hello Living and Karp's purported illegal accounting practices.

36.    Specifically, the Amended Complaint added an implausible, never-before-asserted theory, for which there is no factual support: Pottash newly-alleged that perhaps Karp had hired Plaintiff – the daughter of a person with whom Karp had a business relationship and, upon information and belief, a certified public accountant – *for the purpose* of having a woman around to force into committing unlawful accounting practices.  As stated in the Amended Complaint, "Karp hired Plaintiff, even though he knew that she was visibly pregnant and would require maternity leave, because he planned to pressure Plaintiff as a woman and a pregnant mother, to commit financial improprieties."

37.    Among other fatal flaws, Pottash's newfound theory overlooks the determinative fact that, when Hello Living hired Pottash, Hello Living already had another female employee in its accounting department.

38.    Plaintiff's after-the-fact attempt to cover her malicious intent for including allegations regarding Hello Living and Karp's purported illegal accounting practices is

unavailing and plainly conjured, and it does not cure or undo the substantial damages suffered by Karp and Hello Living.

**COUNTERCLAIM PLAINTIFFS' FIRST COUNTERCLAIM**
**(Tortious Interference with Prospective Business Relations)**

39.    Counterclaim Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

40.    Counterclaim Plaintiffs had business relationships with real estate investors and lenders that provided Counterclaim Plaintiffs with a prospective economic advantage.

41.    At all relevant times, Counterclaim Defendant was aware that Counterclaim Plaintiffs had business relationships with real estate investors and lenders.

42.    Counterclaim Defendant maliciously and intentionally interfered with Counterclaim Plaintiffs' business relations by gratuitously impugning their moral character and business reputation by including in her Complaint frivolous, needless allegations of alleged illegal accounting practices.

43.    As a direct result of Counterclaim Defendants' actions described herein, Counterclaim Plaintiffs have been damaged in an amount to be determined at trial.

**WHEREFORE**, Counterclaim Plaintiffs demand judgment against Counterclaim Defendant as follows:

(a)    Requiring Counterclaim Defendant to pay damages sustained by Counterclaim Plaintiffs by reason of the acts alleged herein in an amount to be determined at trial, but no less than $10,000,000;

(b)    Awarding Counterclaim Plaintiffs pre-judgment and post-judgement interest as well as its reasonable attorneys' fees, expert fees and other costs;

(c)    Awarding such other and further relief as this Court may deem proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Counterclaim Plaintiffs hereby demand trial by jury of all issues that may so be tried.

Dated: February 14, 2020

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP
*Attorneys for Defendants*
*Hello Living, LLC, Eli Karp, and Mike Woodson*

By: /s/ Brian J. Turoff

   Brian J. Turoff
   Christopher M. Katsimagles
   7 Times Square
   New York, New York 10036
   Tel.: (212) 704-1983
   Fax: (212) 790-4545
   Email: BTuroff@manatt.com
         CKatsimagles@manatt.com