**LAW OFFICES OF**
# VICTOR A. WORMS
48 Wall Street, SUITE 1100
NEW YORK, NY 10005
TELEPHONE: (212) 374-9590
FACSIMILE: (212) 591-6188

WRITERS EMAIL
VWORMS@VICTORAWORMSPC.COM

September 25, 2020

VIA ECF
Hon. Sanket J. Bulsara
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*Ayelet Pottash v. Hello Living, LLC, et. al.*
Case No. 19-cv-04530 (RPK)(SJB)

Dear Judge Kover:

      I am the attorney for the defendants in the above-referenced action. I am writing to request a pre-motion conference pursuant to Your Honor's Individual Rules of Practice IV(A). The defendants seek permission to make a motion, pursuant to Federal Rules of Civil Procedure ("Fed.R.Civ.P.") 11 for sanctions against plaintiff's counsel, after the expiration of the safe harbor period specified in Fed.R.Civ. P. 11(c)(2), if plaintiff's counsel does not voluntarily discontinue the Title VII discrimination claims and the claims under the New York City Human Rights Law ("NYCHRL"), the New York State Human Rights Law ("NYSHRL"), the New York Labor Law, and the New York Public Health Law (hereafter collectively the "State Law Claims") which were interposed individually against defendants Eli Karp and Mike Woodson.[1]

      Plaintiff's counsel necessarily must discontinue the Title VII discrimination claims and the State Law Claims against defendants Eli Karp and Mike Woodson, individually, because as made clear by the Second Circuit in Tomka v. Seiler Corp., 66 F.3d 1295 (2d Cir. 1995), there is no individual liability under Title VII. See also Lore v. City of Syracuse, 670 F.3d 127, 144 (2d Cir. 2012)("Title VII does not impose liability on individuals") and Embro v. Marsico, 12-cv-9003 (NSR) (S.D.N.Y. Sep. 30, 2014)("It is settled that individual liability, even for those with supervisory responsibility, does not lie under Title VII.").

      The dismissal of the Title VII claims against defendants Eli Karp and Mike Woodson, individually, will require the dismissal of the State Law Claims against them because the Second Circuit has indicated that a district court should not exercise pendent jurisdiction, under 28 U.S.C. §

---

[1] The application for a pre-motion conference is being made because the Rule 11 motion for sanctions will have a dispositive effect upon the individual federal claims and the state law claims in this action.

1367 (c)(3), when the federal claims have been dismissed.[2] See Kolari v. New York-Presbyterian Hosp, 455 F.3d 118, 122 (2d Cir. 2006)(". . . the district court is aided by the Supreme Court's additional guidance in *Cohill* that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'") citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).  See also, Brzak v. United Nations, 597 F.3d 107,114 (2d Cir. 2010)("if a plaintiffs federal claims are dismissed before trial, 'the state claims should be dismissed as well.'")(Internal citation omitted) and Klein Co. Futures, Inc. v. Board of Trade, 464 F.3d 255, 262 (2d Cir. 2006)("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.").

Significantly, the Court can *sua sponte* dismiss the Title VII discrimination claims against defendants Eli Karp and Mike Woodson, individually, and the pendent State Law Claims and, thereby, obviate the need for plaintiff's counsel to voluntarily discontinue those claims or the need for a Rule 11 motion.  See Stepney v. Rochester Hous. Auth., Case No. 16-CV-6173-FPG (W.D.N.Y. June 25, 2018)(dismissing Title VII claim *sua sponte* because the defendant "cannot be held individually liable for any Title VII violation.").

A. **The Proposed Rule 11 Motion And The Discontinuance Of the Title VII Claims Against Eli Karp And Mike Woodson**

Upon information and belief, plaintiff's counsel concentrates her legal practice in the area of employment discrimination.  Accordingly, plaintiff's counsel presumably is well aware that there is no individual liability under Title VII.  Nonetheless, plaintiff's counsel has named Eli Karp and Mike Woodson, individually, in this action and she has asserted Title VII claims against both Mr. Karp and Mr. Woodson, individually.  See Amended Complaint, ¶¶ 295-306.  [ECF-21].

Significantly, by filing the complaint and the amended complaint with this Court, plaintiff's counsel represented the following as provided for in Rule 11 (b)(2):

> [T]he claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

Presumably, plaintiff's counsel knew or should have known that the assertion of Title VII claims against Mr. Karp and Mr. Woodson, individually, is frivolous because it is well settled that there is no individual liability under Title VII.  See Tomka v. Seiler Corp., 66 F.3d 1295 (2d Cir. 1995).  Defendants' counsel has written to plaintiff's counsel requesting that the individual claims against Mr. Karp and Mr. Woodson be voluntarily discontinued, but plaintiff's counsel  has ignored that request.

---

[2] 28 U.S.C. § 1367(c)(3) provides, in relevant part, as follows:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-
>
> (3) the district court has dismissed all claims over which it has original jurisdiction . . . .

       Notably, before any Rule 11 motion can be made, there will have to be compliance with the 21 days safe harbor provision of Fed.R.Civ. P. 11(c)(2).  See Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., 682 F.3d 170, 175 (2d Cir. 2012)("The safe-harbor provision is a strict procedural requirement . . ." for a valid Rule 11 motion.).

**B. The Dismissal Of The Title VII Claims Against**
   **Mr. Karp and Mr. Woodson Will Require The**
   <u>**Dismissal Of The State Law Claims Against Them**</u>

       The dismissal of the Title VII claims against Mr. Karp and Mr. Woodson would also require the dismissal of the State Law Claims against Mr. Karp and Mr. Woodson, individually, as the Court would most likely decline to exercise pendent jurisdiction over the State Law Claims under 28 U.S.C. § 1367 (c)(3).  See Raeburn v. Dep't of Hous. Pres. & Dev., 10-CV-4818 (SLT)(MDG) (E.D.N.Y. June 22, 2015)("the Second Circuit has repeatedly stated that 'if a plaintiff's federal claims are dismissed before trial, 'the state claims should be dismissed as well.'")(Internal citation omitted).  See also Embro v. Marsico, 12-cv-9003 (NSR) (S.D.N.Y. Sep. 30, 2014).

       In Embro v. Marsico, Supa., after dismissing the Title VII claims against the individual defendant because "[i]t is settled that individual liability, even for those with supervisory responsibility, does not lie under Title VII," and also dismissing the ADA claim against the individual defendant on the same ground, the District Court also dismissed the State Law Claims.

       This application will not cause any undue delay of this action and is not motivated by dilatory purposes.

       Rather, it cannot be disputed that the Title VII claims against Mr. Karp and Mr. Woodson, individually, necessarily will have to be dismissed, as a matter of law, and with the dismissal of those claims, the State Law Claims against Mr. Karp and Mr. Woodson, individually, will have to be dismissed pursuant to 28 U.S.C. § 1367 (c)(3).

       For the foregoing reasons, the defendants request that Your Honor grants the defendants' application for a pre-motion conference.

                                                  Respectfully submitted,

                                                  Victor A. Worms

cc: All Counsel (via ECF)