UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

AYELET POTTASH,

                Plaintiff,

    -against-

HELLO LIVING, LLC, ELI KARP,
and MIKE WOODSON,

                Defendants.
_____

Docket No. 19 Civ 4530 (RPK)(SJB)

# MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANTS ELI KARP AND MIKE WOODSON TO DISMISS THE STATE LAW CLAIMS AGAINST THEM

Law Offices of Victor A. Worms
*Attorney for Defendants*
48 Wall Street, Suite 1100
New York, New York 10005
(212) 374-9590

# TABLE OF CONTENTS

                                                                                                               **Page**

TABLE OF AUTHORITIES……………………………………………………………………… ii

PRELIMINARY STATEMENT……………………………………………………………….…1

STATEMENT OF FACTS……………………………………………………………………….1

ARGUMENT …………………………………………………………………………………….2

       THE DISMISSAL OF THE TITLE VII CLAIMS AGAINST DEFENDANTS
       KARP AND WOODSON REQUIRES THE DISMISSAL OF THE STATE LAW
       CLAIMS AGAINST THEM ………………………………………………………….2

CONCLUSION ………………………………………………………………………………… 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Azeez v. City of N.Y.,*
    16-CV-342 (NGG) (SJB) (E.D.N.Y. Aug. 20, 2018) ……………………………………… 3

*Brzak v. United Nations,*
    597 F.3d 107,114 (2d Cir. 2010) ………………………………………………………… 4

*Carnegie-Mellon Univ. v. Cohill,*
    484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) …………………………………… 4

*Embro v. Marsico,*
    12-cv-9003 (NSR) (S.D.N.Y. Sep. 30, 2014) …………………………………………… 2

*Klein Co. Futures, Inc. v. Board of Trade,*
    464 F.3d 255, 262 (2d Cir. 2006) …………………………………………………………4

*Kolari v. New York-Presbyterian Hosp,*
    455 F.3d 118, 122 (2d Cir. 2006) …………………………………………………………4

*Raeburn v. Dep't of Hous. Pres. & Dev.,*
    10-CV-4818 (SLT)(MDG) (E.D.N.Y. June 22, 2015) ……………………………………3

*Rolle v. Cole,*
    16-CV-6566-FPG (W.D.N.Y. Nov. 9, 2018) ……………………………………………. 2

**Statutes**

28 U.S.C. § 1331 …………………………………………………………………………… 2

28 U.S.C. § 1367 …………………………………………………………………………… 2

28 U.S.C. § 1367(c)(3) ……………………………………………………………………… 1-4

42 U.S.C. Section 2000e ……………………………………………………………………… 1-3

**Rules**

Fed. R. Civ. P. 12(b)(1) ……………………………………………………………………. 1, 4

## PRELIMINARY STATEMENT

This memorandum of law is submitted by defendants Eli Karp and Mike Woodson in support of their motion, pursuant to Fed.R.Civ.P. 12(b)(1), to dismiss the state law claims against them of gender, pregnancy, breastfeeding, and caregiving discrimination under the New York Human Rights Law (the second cause of action in the plaintiff's second amended complaint), breastfeeding discrimination under the New York Labor Law (the third cause of action in the plaintiff's second amended complaint), retaliation in violation of the New York State Human Rights Law and the New York City Human Rights Law (the fifth cause of action in the plaintiff's second amended complaint) and religious discrimination in violation of the New York State Human Rights Law and the New York City Human Rights Law (the seventh cause of action in the plaintiff's second amended complaint). [ECF-43].[1]

The motion of defendants Karp and Woodson to dismiss the state law claims against them should be granted because this Court has no subject matter jurisdiction, under 28 U.S.C. § 1367 (c)(3), over these claims since there are no federal claims against defendants Karp and Woodson that would support pendent jurisdiction over those state law claims.[2]

## STATEMENT OF FACTS

Plaintiff, Ayelet Pottash, commenced this action on or about August 6, 2019, for gender, pregnancy, and religious discrimination and retaliation against all of the defendants for the alleged violation of Title VII, and for, among other claims, discrimination and retaliation against all of the defendants under the New York State Human Rights Law, and the New York City Human Rights Law. [ECF-1]. Subsequently, on January 15, 2020, the plaintiff filed her first amended complaint. [ECF-21].

---

[1] This Rule provides for the dismissal of action when the court lacks "subject-matter jurisdiction."
[2] This statue as defined later herein relates to a district court's supplemental jurisdiction.

1

On February 2, 2021, the Court issued a Memorandum & Order (hereafter "Order"), which granted in part and denied in part the motion of the plaintiff for leave to amend her complaint for a second time to add 18 new corporate entities as defendants in this action. [ECF-42].

Significantly, in its Order, the Court made it clear that Title VII claims could not legally be asserted against defendants Karp and Woodson and directed that the plaintiff could file an amended complaint asserting Title VII claims solely against defendant Hello Living, LLC (hereafter "Hello Living).

In compliance with the Court's Order, the plaintiff filed an amended complaint on February 9, 2021 dismissing the Title VII claims against defendants Karp and Woodson and asserting those claims solely against Hello Living.

Nonetheless, the plaintiff in her second amended complaint, asserted state law claims of discrimination and retaliation against all of the defendants, including defendants Karp and Woodson. (See the second, third, fifth, and seventh causes of action of the plaintiff's second amended complaint).

However, because this Court lacks subject matter jurisdiction over the state law claims against defendants Karp and Woodson, those claims should be dismissed against them as a matter of law.

## ARGUMENT

### THE DISMISSAL OF THE TITLE VII CLAIMS AGAINST DEFENDANTS KARP AND WOODSON REQUIRES THE DISMISSAL OF THE STATE LAW CLAIMS AGAINST THEM

28 U.S.C. § 1331 provides for the original jurisdiction of district courts by stating that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Separately, 28 U.S.C. § 1367 defines district courts' supplemental or pendent jurisdiction, and specifically 28 U.S.C. § 1367( c)(3) provides as follows:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or . . . .

Accordingly, the dismissal of the Title VII claims against defendants Karp and Woodson also requires the dismissal of the state law claims against them, individually, as the Court should not be able to exercise pendent jurisdiction over the state law claims under 28 U.S.C. § 1367 (c)(3). See Raeburn v. Dep't of Hous. Pres. & Dev., 10-CV-4818 (SLT)(MDG) (E.D.N.Y. June 22, 2015)("the Second Circuit has repeatedly stated that 'if a plaintiff's federal claims are dismissed before trial, 'the state claims should be dismissed as well.'")(internal citation omitted). See also Azeez v. City of N.Y., 16-CV-342 (NGG) (SJB) (E.D.N.Y. Aug. 20, 2018)("Where a court dismisses all claims over which it has original jurisdiction, it may, in its discretion, decline to exercise supplemental jurisdiction over remaining claims. 28 U.S.C. § 1367(c)(3)."); Rolle v. Cole, Case # 16-CV-6566-FPG (W.D.N.Y. Nov. 9, 2018)("Having dismissed Rolle's federal claims against Cole, this Court declines to exercise supplemental jurisdiction over his remaining NYSHRL claims.") and Embro v. Marsico, 12-cv-9003 (NSR) (S.D.N.Y. Sep. 30, 2014).

In Embro v. Marsico, Supa., after dismissing the Title VII claims against the individual defendant, the District Court also dismissed the state law claims. In dismissing the state law claims after the dismissal of the federal claims, the District Court reasoned as follows:

> Lastly, Plaintiff asserts discrimination and retaliation claims under the NYHRL against both Defendants. . . . 'In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.' (Internal citation omitted).

Similarly, in this case, the dismissal of the Title VII claims against defendants Karp and Woodson individually should result in the dismissal of the state law claims against them in the plaintiff's second amended complaint because the Second Circuit has indicated that a district court

should not exercise pendent jurisdiction, under 28 U.S.C. § 1367 (c)(3), when the federal claims have been dismissed. See Kolari v. New York-Presbyterian Hosp, 455 F.3d 118, 122 (2d Cir. 2006)(". . . the district court is aided by the Supreme Court's additional guidance in Cohill that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'") citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). See also, Brzak v. United Nations, 597 F.3d 107,114 (2d Cir. 2010)("if a plaintiffs federal claims are dismissed before trial, 'the state claims should be dismissed as well.'")(Internal citation omitted) and Klein Co. Futures, Inc. v. Board of Trade, 464 F.3d 255, 262 (2d Cir. 2006)("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.").

Accordingly, since the amended complaint contained no federal claims against defendants Karp and Woodson, the state law claims against them should be dismissed, pursuant to Fed.R.Civ.P. 12(b)(1).

## CONCLUSION

For the foregoing reasons, the plaintiff's second, third, fifth, and seventh causes of action in her second amended complaint against defendants Karp and Woodson should be dismissed, and the Court should grant defendants Karp and Woodson such other and further relief as to the Court seems just and proper.

Dated: New York, New York
      February 23, 2021

                                Law Offices of Victor A. Worms
                                *Attorneys for Defendants*

                                By: _____
                                   Victor A. Worms
                                48 Wall Street, Suite 1100
                                New York, New York 10005
                                (212) 374-9590