# G O D D A R D   L A W   P L L C

39 Broadway, Suite 1540 | New York, NY 10006

Office. 646.504.8363

Fax. 212.473.8705

Megan@goddardlawnyc.com

WWW.GODDARDLAWNYC.COM

March 4, 2021

**VIA ECF**
Honorable Rachel P. Kovner
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Ayelet Pottash v. Hello Living, LLC et. al
              Case No. 19-cv-04530 (RPK)(SJB)

Dear Judge Kovner:

      This firm is counsel to Plaintiff Ayelet Pottash in the above reference matter. We write in response to Defendant Eli Karp and Defendant Mike Woodson's (collectively known as "Individual Defendants") February 26, 2021 letter requesting a pre-motion conference to address their intention to move for an order dismissing the Complaint filed by our client, and respectfully request that this Court deny the Individual Defendants request to proceed with a motion to dismiss.

**PLAINTIFF'S RESPONSE TO THE INDIVIDUAL DEFENDANTS'
ANTICIPATED MOTION TO DISMISS**

**A.**   **The State Law Claims Against the Individual Defendants Should Not be Dismissed**

      The Individual Defendants contend that the state discrimination and retaliation claims against them must be dismissed because Plaintiff's federal claims have been dismissed before trial (See Defendant's Letter Requesting Conference (Def's. Ltr. Req. Conference) p. 1). Defendants misinterpret both the controlling case law and the statute conferring subject matter jurisdiction on this Court to decide state law claims.

      First, the Individual Defendants cite to Raeburn v. Dep't of Hous. Pres. & Dev., which is not controlling in this case. 2015 WL 4016743 at *1 (E.D.N.Y. June 24, 2015). In Raeburn, the Plaintiff brought discrimination claims against Corporate Defendants under Title VII, the ADEA, and the New York State Human Rights Law (NYSHRL), and against Individual Defendants under the NYSHRL. 2015 WL 4016743 at *4-5. The District Court dismissed all federal claims (under Title VII and the ADEA) against all the Defendants, which left only state law claims (under the

NYSHRL), and thus the Court declined to exercise supplemental jurisdiction over the state law claims. Id. at *6-15.

In the instant case, not all federal claims have been dismissed – Plaintiff's federal Title VII discrimination and retaliation claims remain against the Corporate Defendants. As such, this case is different than the Raeburn case, and this Court should exercise its supplemental jurisdiction and allow Plaintiff's state law claims against the Individual Defendants to remain.

The Honorable Nicholas G. Garaufis of the Eastern District of New York carefully considered this very issue in a detailed decision from 2018. See Kegun Chen v. Oceanica Chinese Restaurant Inc., 2018 WL 3973004 (E.D.N.Y. Aug. 20, 2018) at *1. In that case, the Plaintiff sought to certify a collective action against a Corporate Defendant and an Individual Defendant for violations of the Fair Labor Standards Act (FLSA), and the New York Labor Law (NYLL). Kegun Chen, 2018 WL 3973004 at *1. The District Court granted summary judgment as to the FLSA claims against the Individual Defendant, but did not reach the claims brought against the Corporate Defendants. Id. at *1. Thus, what remained in the case were the FLSA claims against the Corporate Defendants, and only the state NYLL claims against the Individual Defendant. Id. The Individual Defendant argued that the Court should dismiss all remaining (state law) claims against him on the grounds that all of the federal claims against him had been dismissed. Id.

The Kegun Chan Court defined the legal standard as follows:

> Courts determine whether to exercise supplemental jurisdiction over state-law claims using the framework established by 28 U.S.C. § 1367, which allows for supplemental jurisdiction a claims is "so related to claims in the action … that they form part of the same case or controversy." Id. at * 2, citing 28 U.S.C. § 1367(a); United Mine Workers of Am. v. Gibbs, 383 U.S. 715 (1966). Once a claim passes this threshold consideration, supplemental jurisdiction is mandatory unless the claim falls into one of four enumerated exceptions:
>
> (1) the claim raises a novel or complex issue of State law;
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Id. at *2, citing 28 U.S.C. § 1367(c)(emphasis added).

> Even if one of the exceptions applies, the court may decide to decline jurisdiction over the state law claims, but only after considering whether such a decision upsets the interests of "judicial economy, convenience, fairness, and comity." Id. at *2 (citations omitted).

The Kegun Chen Court considered whether the language of 28 U.S.C. § 1367(c) referred to all federal claims "in the case" or all federal claims "against the defendant," and found that "a fair reading of 28 U.S.C. § 1367(c) "compel[ed] the former definition." Id. at *3.

Though the Individual Defendant argued, as the Individual Defendants here argue, that the Kegun Chen Court had discretion to dismiss the NYLL claims against her "because the district court had dismissed all claims over which it had original jurisdiction and the court should ordinarily dismiss state claims when all bases for federal jurisdiction have been eliminated," the Court held that this relied on a "misreading of the statute." Id. at *3. "'All claims,'" the Kegun Chen Court found, "does not mean claims against one defendant; 'all claims' means all claims in the case stemming from a common nucleus of operative fact." Id. at *4 (citations omitted). The Court held that "this conclusion follows naturally from the plain language of the statute, which 'appears to preclude the application of [discretion to decline to exercise jurisdiction] in a case when any claim arising under federal law remains, regardless of the identity of the party against whom the claim lies. Id.. at *4, citing Oladokun v. Ryan, 2011 WL 4471882, at *11 (S.D.N.Y. Sept. 27, 2011).

Furthermore, the Court held, declining to exercise supplemental jurisdiction would result in cases with a "common nucleus of operative facts" being litigated in state and federal court at the same time, something that "runs counter to the purpose of the statute." Id. at *4. The Court concluded that the FLSA claims against the Corporate Defendant and NYLL claims against the Individual Defendant formed a "common nucleus of operative fact," and thus the Court had no discretion to decline supplemental jurisdiction over the NYLL claims against the Individual Defendant. Id. at *4.

The Kegun Chen Court is not the only Court to consider this issue, and courts in this district have long exercised supplemental jurisdiction over parties subject to state law claims. See Oladokun, 2011 WL 4471882, at *10-12 (listing cases); Moore v. Natwest Markets, 1996 WL 507333 at *1-3 (S.D.N.Y. Sept. 6, 1996)(listing cases);

In the instant case, the Title VII and NYSHRL claims form a "common nucleus of operative fact," in that "[n]o material facts are alleged that distinguish any of the state law claims against [the Individual Defendants] and the federal claim against [the Corporate Defendant]." See Moore, 1996 WL 507333 at *1. They are even based on identical standards of law. See Weinstock v. Colombia Univ., 224 F.3d 33, 42 (2d Cir. 2000)(using the same standard under Title VII and the NYSHRL). In addition, declining to exercise this Court's jurisdiction would result in Plaintiff having to litigate in two forums, something that would utterly "inconvenience all the parties involved," "could lead to wasted judicial resources" and "conflicting judgements between state and federal courts could arise." See Kegun Chen, 2018 WL 3973004 at *4. See also Oladokun, 2011 WL 4471882, at *10-12 ("[t]he statute is designed to allow a case arising out of a common nucleus of operative facts to be tried in a single court" and declining jurisdiction would leave cases split between federal and state courts). The "interests of judicial economy" support consolidating the claims, where the claims "involve common evidence arising from the same set of events." Kegun Chen, 2018 WL 3973004 at *4 (citation omitted).

      Finally, it is clear that the Courts in this Circuit, and in this District, have had no trouble applying federal and state law to discrimination and retaliation claims simultaneously. See, e.g. Feingold v. New York, 366 F.3d 138 (2d Cir. 2004); Jane B. Model Rosen v. N.Y.C. Dep't of Education, 2019 WL 4039958 at *1 (S.D.N.Y. Aug. 27 2019); Noia v. Orthopedic Assocs. of Long Island, 93 F.Supp. 3d 13, 18 (E.D.N.Y. 2015); Moore, 1996 WL 507333 at *1.

      Plaintiff filed this case in 2019. Both the Corporate Defendant and the Individual Defendants filed an Answer and Counterclaim on February 14, 2020, and discovery in this case is well under way between all parties, including the exchange of documents, and the scheduling of depositions. To transfer the case against the Individual Defendants to state court would, at this juncture, be an utter waste of judicial resources, not to mention a serious hardship for Plaintiff.

      The law is clear. This Court has supplemental jurisdiction over Plaintiff's state law claims. Thus, to entertain Defendants' frivolous motion to dismiss would simply waste Your Honor's and Plaintiff's valuable resources and time. Plaintiff therefore respectfully asks that this Court deny the Individual Defendants' motion requesting a pre-motion conference to address their intention to move for an order dismissing the Complaint.

      Respectfully submitted,

      GODDARD LAW PLLC

      /s/ Megan S. Goddard
      By: Megan S. Goddard, Esq.

cc: All Counsel of Record (via ECF)